# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**DEBRA JENKINS et al.,**

**Plaintiffs,**

**v.**

**JON BARTLETT, ARTHUR JONES,**
**and the CITY OF MILWAUKEE,**

**Defendants.**  No. 02-CV-1136-DRH

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on Plaintiffs' motion for a trial date and status hearing. (Doc. 116.) The Court **GRANTS** this motion, and hereby schedules a status hearing in this matter, to be conducted by teleconference, on **January 4, 2006 at 12:00 p.m.** This teleconference shall be at Plaintiffs' expense, and Plaintiffs shall provide a number for the Court to call to join the conference call, should the hearing the Court has set prior to this conference run long and the Court be unable to join the conference precisely at noon. (Thus preventing Plaintiffs' counsel from calling the Court's phone for the purpose of connecting the Court to the call himself.)

The Court notes that Plaintiffs' counsel made an inappropriate call to the chambers of the undersigned judge for the apparent purpose of pressuring the Court to act by making inflammatory remarks which the Court considers to be contumacious in nature. The history of this case during this judge's tenure with it

has been that this judge tried to set this case when he was first assigned to it in July, only to be informed that the case was not ready due to the need to depose some ten witnesses. The Court made a note that it would not be ready for ninety days. Furthermore, the case needed two weeks to try. The undersigned had a full docket in the Southern District of Illinois in September and October, a circumstance of which counsel was informed. In November and December, the Court tried four cases in Milwaukee, all older than this case, which this judge felt a more efficient use of its time that taking either of those months and trying one newer case. The Court's designation to handle anything other than follow-up matters was set to expire December 31, 2005. During the week of December 19th, while engaged in a bench trial, the undersigned informed the Circuit Executive that upon the completion of the case being tried, four cases would remain from the original twenty-one cases assigned. The Court was informed the matter would be submitted to the Chief Judge of the Circuit for a decision regarding whether to extend the designation. Today, December 30th, the Court received an additional designation for the Eastern District of Wisconsin, which gives him the necessary authority to proceed with the setting of the instant case.

Counsel for the Plaintiffs is assured that his clients will receive a fair trial. Counsel for the Plaintiffs is warned that any further actions by him of the nature referred to herein will result in a contempt hearing. Counsel is further directed to refrain from attempting to make *ex parte* communications with chambers without the knowledge of opposing counsel.

Counsel should be ready at the teleconference on the 4th to discuss how they have complied with the portion of the pretrial report rule that requires good-faith settlement discussions in conjunction with the preparation of that report.

**IT IS SO ORDERED**.

Signed this 30th day of December, 2005.

/s/         David RHerndon
**United States District Court**