# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**DEBRA JENKINS et al.,**

**Plaintiffs,**

v.

**JON BARTLETT et al.,**

**Defendants.**                                                                 **No. 02-CV-1136-DRH**

## ORDER

**HERNDON, District Judge:**

Before the Court are several motions in limine submitted by both Plaintiff (Doc. 125) and Defendant (Doc. 126) in this matter. The Court considers these motions in turn, below.

### I. Plaintiff's Motions in Limine

#### A.   Motion I

First, Plaintiff moves to exclude references to the relevant neighborhood as a "high crime area, a drug dealing area, or of any other characteristics" under **Federal Rules of Evidence 402 and 403**. (Doc. 125, p. 2.) The Court **DENIES** this motion. The nature of the neighborhood in which Defendant was operating is relevant in determining whether his conduct was reasonable. Because the reasonableness of Defendant's conduct is determined by "the totality of the circumstances surrounding the encounter," ***Scott v. Edinberg*, 346 F.3d 752, 756 (7 th Cir. 2003)**, in other words, descriptions of the area in question are relevant in

Page 1 of 6

considering whether Defendant acted appropriately.

### B. Motion II

Second, Plaintiff seeks an "advance" ruling that evidence demonstrating that Defendant "created the threat of serious physical harm to himself" should be admissible. (Doc. 125, p. 3.) Plaintiff does not identify or describe, however, the specific evidence that he seeks to admit, other than by generally indicating that this evidence will demonstrate that Defendant created the harm himself. Without further information or detail, the Court is unable at this time to determine whether this evidence is admissible. Accordingly, the Court **DENIES at this time** Plaintiff's motion for a ruling on the admissibility of the evidence referred to in his motion.

### C. Motion III

Third, Plaintiff moves to preclude Sergeant Michael Kuspa and Lieutenant Steven Basting from "giving any opinion whatsoever" to the effect that "'[Defendant] acted reasonably, and within the parameters established by his training and rule of procedure of the Milwaukee Police Department with reference to the subject shooting incident.'" Plaintiff argues that Sergeant Kuspa and Lieutenant Basting's testimony will not be "rationally based," and therefore must be excluded under **Federal Rules of Evidence 701 and 702.** (Doc. 125, p. 4.) The Court **DENIES** this motion. Plaintiff provides no support for the assertion that Sergeant Kuspa and Lieutenant Basting will give testimony that is not "rationally based." Sergeant Kuspa and Lieutenant Basting are both veteran police officers with

considerable knowledge of the Milwaukee Police Department's rules, policies, practices, and procedures. These officers are well-positioned to evaluate an officer's conduct.

### D. Motion IV

Fourth and finally, Plaintiff moves to exclude the expert opinion of Dr. Mary K. Mainland that Larry Jenkins was seated in a car behind a steering wheel at the time of the shooting. (Doc. 125, pp. 5-6.) The Court **DENIES** this motion. Judge Stadtmueller, it should be noted, has already denied Plaintiff's attempt to preclude Dr. Mainland's expert opinions. (Doc. 74.) This Court knows of no changed circumstances in this case, and Plaintiff provides no good reason to reconsider Judge Stadtmueller's decision. *See **Brengettcy v. Horton**, **423 F.3d 674, 680 (7th Cir. 2005)*** ("Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred. . . . 'The law of the case doctrine in these circumstances reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.'" (citing ***Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997)**)). Plaintiff, further, declines to explain why Dr. Mainland's testimony is neither "factually [n]or rationally based," or why her testimony is misleading or confusing. A conclusory statement that Dr. Mainland's testimony "does not comply with the rules for an expert report" is insufficient to preclude such testimony in light of Judge Stadtmueller's earlier order.

Page 3 of 6

*See **Best**,* **107 F.3d at 546** ("[T]he presumption is that earlier rulings will stand . . . .").

## II. Defendant's Motions in Limine

### A. Motion 1

First, Defendant moves to exclude "any other event" involving Defendant from trial. (Doc. 126, p. 1.) This motion is unopposed by Plaintiff. The Court **GRANTS** this motion. As Defendant notes, Plaintiff's only remaining claim in this case is a claim for excessive force. No other event involving Defendant is relevant to this claim. **FED. R. EVID. 401, 402**.

### B. Motion 2

Second, Defendant moves to exclude any matter "contained or referred to in [Defendant's] employment and/or personnel records, which were provided to plaintiff, under an order of confidentiality, during discovery in this case." (Doc. 126, p. 2.) Plaintiff does not oppose this motion. The Court **GRANTS** this motion. No matter referenced in such records is relevant to the sole remaining claim in this case. **FED. R. EVID. 401, 402**.

### C. Motion 3

Third, Defendant moves to exclude any matter involving any other officer, employed either by the Milwaukee Police Department or elsewhere. Plaintiff does not oppose this motion. The Court **GRANTS** this motion. (Doc. 126, p. 2.) Matters involving other law enforcement officers are irrelevant to the issues in this

case. **FED. R. EVID. 401, 402**.

### D. Motion 4

Fourth, Defendant moves to exclude (a) any suggestion that the decedent's children, the City of Milwaukee, or former Chief Jones are parties to this case; (b) any suggestion that the initial stop of the Prunskus vehicle was unconstitutional, unlawful, or otherwise improper; (c) any suggestion that any Milwaukee Police Department policy, rule, practice, or custom regarding traffic stops, vehicle contacts, or use of force are unlawful or otherwise improper; (d) any suggestion that any Milwaukee Police Department policy, rule, practice, or custom regarding the investigation of officer-involved shootings is unlawful or otherwise improper; (e) any suggestion that the Milwaukee Police Department's hiring, supervision, or training of its personnel is unlawful or otherwise improper. Plaintiff does not oppose this motion. (Doc. 126, pp. 2-3.) The Court **GRANTS** this motion, consistent with Judge Stadtmueller's September 28, 2004 order. (Doc. 99.) Such testimony would be irrelevant to the sole remaining claim — against Defendant Jon Bartlett for excessive force — in this case. **FED. R. EVID. 401, 402**

### E. Motion 5

Fifth, Defendant moves to exclude any suggestion that "Mr. Jenkins' race played any part in Defendant's decision-making regarding Mr. Jenkins." (Doc. 126, p. 3.) Plaintiff does not oppose this motion. The Court **GRANTS** this motion. There isn't any evidence to support such an allegation, which the Court finds would be

highly prejudicial.

### F. Motion 6.

Sixth, Defendant seeks to exclude testimony from Plaintiff's expert D.P. Van Blaricom. (Doc. 126, pp. 3-4.) Plaintiff does not oppose this motion. The Court **GRANTS** this motion. Mr. Van Blaricom's testimony — which concerns already-dismissed *Monell* issues, alleged inconsistent statements, and scientific issues about which Mr. Baricom is unqualified to testify — is either improper or irrelevant with respect to any issue remaining in the case. **FED. R. EVID. 401, 402, 702**.

**IT IS SO ORDERED**.

Signed this 10th day of April, 2006.

/s/      David   RHerndon
**United States District Judge**