IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN


**DEBRA JENKINS et al.,**

**Plaintiffs,**

**v.**

**JON BARTLETT et al.,**

**Defendants.**                        **No. 02-CV-1136-DRH**


## MEMORANDUM AND ORDER


**HERNDON, District Judge:**

Before the Court is a motion submitted by Defendant Jon Bartlett ("Defendant") to adjourn the April 24, 2006 trial setting in this matter. (Doc. 138.) Defendant's position is that because he is currently a defendant in a criminal matter, in which he is accused of beating a man, the above-captioned matter should be adjourned. (*Id.*) Defendant argues that because of this criminal matter, he has "been unable to participate in [preparation for the instant matter]," and further is concerned about "the effect of media attention to his criminal case on the potential jury pool, relative to [this case]."[1] (Doc. 138, pp. 1-3.)

---

[1] Defendant's attorney, Susan Lappen, submits in an affidavit that this case "has received considerable media attention, both in the local media, and in the

Page 1 of 3

The Court declines to adjourn the trial date in this matter. First, as she knew well in advance the date of the trial in this case — and in fact participated in the telephone conference during which this date was set [2] — it is unfortunate that counsel did not foresee the need to discuss trial matters with her client prior to his criminal case. That said, this Court will not now, less than two weeks before trial is set to proceed, continue the trial setting in this case due to Defendant's failure to prepare adequately. Second, the fact that a national media outlet such as Court TV has covered a party's criminal case does not reflexively cause this Court to delay a trial setting. Though the Court wholeheartedly agrees that Defendant is entitled to a fair, unbiased jury, it disagrees that indefinitely postponing the instant trial setting is a necessary or appropriate means to achieve that goal. The Court assures Defendant that it will make every effort to ensure that his trial is fair.[3]

Therefore, the Court **DENIES** Defendant's motion to adjourn the trial setting in this matter. (Doc. 138.) Unless Defendant's criminal case is unfinished by April 24th, this trial will commence on that date.

One last matter remains. Defendant has noted, in his motion to adjourn, that the Court has yet to rule on a motion seeking to sequester the

---

national media, and in fact, the matter has been covered by "Court TV," which is nationally televised. (Doc. 139, ¶ 4.)

[2] The trial date in this matter was set, with input from both parties, on January 4, 2006 during a telephone status conference. (*See* Doc. 120.)

[3] Along these lines, the Court notes that it has already made arrangements to increase the size of the jury pool.

veniremen in chambers as they are questioned. (Doc. 121.) The Court had not intended to issue an advance ruling on this issue, however, in light of Defendant's newest motion, the Court **GRANTS** this unopposed motion. (Doc. 121.)

**IT IS SO ORDERED**.

Signed this 11th day of April, 2006.

/s/        David   RHerndon
**United States District Judge**