IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**DEBRA JENKINS et al.,**

**Plaintiffs,**

**v.**

**JON BARTLETT et al.,**

**Defendants.**                      No. 02-CV-1136-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

       Before the Court are two motions submitted by Plaintiffs, one seeking a jury view of the incident scene in question (Doc. 109) and another seeking a jury view and inspection of the relevant vehicle involved in this incident (Doc. 110). Defendant does not oppose, indicated he would also file such motions, though he has not yet done so. The Court **GRANTS** Plaintiff's motions. (Docs. 109, 110.) The transportation costs for renting vans to transport the jury and court personnel to and from the viewing areas will be borne equally by both parties.

       With regard to the specifics of the jury views, the Court contemplates that the jury will be selected and the opening statements given during the first day of trial, and the second day will begin with the trip to view the scene and the car. If it should happen that we are unable to seat a jury and give opening statements during

the first day, the second day will begin with opening statements followed by the views. In any event, opening statements will precede the jury excursions. The U.S. Marshals Service will provide security.

As for the statements to be read to the jury regarding their views of the incident scene and the vehicle, because the parties could not agree upon statements, the Court has drafted its own. They will read as follows:

### A.    The Court's Statement to the Jury Regarding the View of the Incident Scene

Ladies and gentlemen of the jury:

You have heard the Court's preliminary instructions and the opening statements of counsel. Just as the opening statements are not evidence and are intended to act as an aid to assist you in the determination of the issues in this case, so to is the view of the scene in this case not evidence but is intended to assist you, to the extent that it can, with the issues in the case. This is not meant to be a re-enactment, of course, vehicles are not in the same place, vegetation will not be the same, and other changes in the neighborhood may well have taken place. However, in order for you to have in mind the lay of the land, so to speak, when you hear the testimony about the matters being litigated, we will take you to see the area.

We will first stop at 4647 North 37th Street near Hopkins Ave., the place where the black Jeep Grand Cherokee is alleged to have stopped for approximately five to ten minutes while the occupants thereof were observed by Defendant, Officer Bartlett, and Officer Lucina.

We will next stop at the location in front of Sprewell Service at 4503 N. Hopkins, where it is alleged that the police officers effected their traffic stop of the black Jeep Grand Cherokee.

We will go over to 36th Street and show you the two apartment buildings located at 4525 and 4533 N. 36th Street that Mr. Jenkins is said to have run between.

We will show you the properties between 4569 and 4573 N. 37th Street that the decedent is said to have run between and finally take you to the area of Glendale and 37th, where it is said that Mr. Jenkins got in the Lincoln Town Car and 4572 N. 37th Street where that car came to a stop.

### B. The Court's Statement to the Jury Regarding the View of the Car

Ladies and gentlemen of the jury:

Just as with my instruction you regarding the view of the scene, I remind you of the Court's preliminary instructions and the opening statements of counsel. Just as the opening statements are not evidence and are intended to act as an aid to assist you in the determination of the issues in this case, so to is the view of the car in this case not evidence but is intended to assist you, to the extent that it can, with the issues in the case.

It is impossible to bring the car into the courtroom. However, viewing the car may be of some assistance to you in understanding the testimony of some of the witnesses in this case. At the time you view the car, Mr. Reginald Templin, an

employee of the Wisconsin Crime Lab, will be present to assist us. He will place rods which purport to represent the pathways of bullets. Should he make comments, take those comments as supplementing his demonstration, but they are not testimony and are not evidence in this case. Once again, this is not a re-enactment and is not to be considered by you as evidence and is only meant to assist you in understanding the evidence in the case.

**IT IS SO ORDERED**.

Signed this 13th day of April, 2006.

/s/         David   RHerndon
**United States District Judge**